FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA** 2014 JUN -9 PM 10: 47
**TAMPA DIVISION**

CLERK US DISTRICT COURT
MIDDLE DISTRICT FL

DAVID MICHAEL SMITH,     )
                      )
        Plaintiff,    )      8:14 cv 1360 T 23 EAJ
                      )
    v.              )
                      )
KROLL FACTUAL DATA, INC.,    )
                      )
        Defendant.   )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DAVID MICHAEL SMITH, by and through his attorneys,

Thomas Gibbons, Attorney at Law, and for his complaint against KROLL FACTUAL DATA,

INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Credit

Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq.,

and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    DAVID MICHAEL SMITH, (hereinafter, "Plaintiff") is an individual who was at

all relevant times residing in the City of Lakeland, County of Polk, State of Florida.

1



5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      KROLL FACTUAL DATA, INC., (hereinafter, "Defendant"), is a business entity that, *inter alia*, provides background screening services to various third-parties.

7.      Defendant is incorporated in the State of Colorado and has its principal place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

8.      At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

9.      At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10.      At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

IV.     ALLEGATIONS

11.      At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12.      Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13.      Among other things, Defendant sells consumer reports to landlords and other residence managers who wish to screen applicants for residence at communities around the United States.

14.      Some of the consumer reports Defendant sells to third parties contain information regarding an applicant's criminal arrest and conviction history.

2

15.    When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16.    As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17.    Plaintiff is a Vietnam veteran, who at the time of the filing of the present action is 61 years old.  Certain health issues forced Plaintiff into early retirement.  Plaintiff's wife works during the day and out of concern for Plaintiff's wellbeing, Plaintiff and his wife wished to move from their present residence to a community that specifically caters to individuals 55 years old or over.

18.    On or about March 14, 2014, Plaintiff and his wife found a potential location to which to move and they visited the Grove Shores Mobile Colony (hereinafter, "the Grove").

19.    In order to be approved for residency at the Grove, Plaintiff was required to undergo a background check.

20.    Plaintiff was provided with an application by the Grove, which authorized it to obtain a consumer report relative to Plaintiff's criminal background.

21.    As part of its routine background check on its prospective residents, the Grove requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

22.    On or about March 19, 2014, Defendant prepared and sold a consumer report to the Grove, purportedly regarding the character and general reputation of Plaintiff.

23.     Despite its obligations pursuant to the FCRA, Defendant reported to the Grove inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

24.     The inaccurate information of which Plaintiff complains is five (5) separate felony convictions for drug possession, DUI, and larceny and burglary.

25.     Each of the aforesaid convictions is for criminal activity that occurred in Okaloosa County, Florida.

26.     The felony convictions pertain to an individual other than Plaintiff; Plaintiff has never resided in Okaloosa County and was not convicted of the felonies as listed in the consumer report prepared by Defendant and provided to the Grove.

27.     The date of birth listed on the report Defendant submitted to the Grove relative to Plaintiff's putative felony convictions was listed as 00/00/1952; evidently Defendant matched only the year of Plaintiff's birth.

28.     Defendant has mismatched criminal background history with another individual named David Michael Smith,

29.     Plaintiff is not said individual and he has never been convicted of the offenses as reported by Defendant.

30.     The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

31.     The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

32.    As of the result of the inaccurate information reported by Defendant to the Grove, Plaintiff was refused residency at the Grove.  The Grove informed Plaintiff that he and his wife would not be permitted to move to the Grove as Plaintiff had a "very bad criminal history."

33.    Being told that he had a "very bad criminal history" by the Grove was frustrating and embarrassing given that the information being reported by Defendant to the Grove was inaccurate and given that the inaccurate information precluded Plaintiff and his wife from moving to the Grove.

34.    Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding an unknown third party.

35.    Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to the Grove and other unknown third parties.

36.    On or about March 25, 2014, Plaintiff disputed the inaccurate information with Defendant by submitting written correspondence to Defendant at its principal place of business.

37.    In the aforesaid correspondence, Defendant stated:

> *"You are hereby notified that the criminal background report that your company provided to Grove Shores...on March 18, 2014 is grossly incorrect. I have never been to Okaloosa County and have never been charged or arrested for any such action. My name is David Michael Smith, my DOB is \*\*\*\*\*, \*\*, 1952, My Social Security Number is \*\*\*-\*\*-\*\*\*\*. My resident address is \*\*\*\*\*\*\*, Lakeland, FL 33801...IF you will dot he research necessary to VALIDATE a report like this, you will see that you have provided this information about me, when the date of birth of the person tied to these charges is NOT the same MONTH and DAY as mine. The only common information is the year of birth."* (Emphasis included).

38.   Defendant was then and there under an obligation to conduct an investigation as to the accuracy of the contained in Plaintiff's file at Defendant and report the results of said investigation to Plaintiff.

39.   Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

40.   Upon information and belief, Defendant failed to conduct an investigation into the accuracy of the information it reported to the Grove.

41.   Notwithstanding Plaintiff's efforts, Defendant has not responded to Plaintiff's dispute and instead has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

42.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a.  Loss of opportunity to reside at chosen location;

   b.  Forced continued residence in location not of Plaintiff's choosing;

   c.  Loss of opportunity to purchase new home;

   d.  Severe and considerable emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

43.   At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

44.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

    b. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

45.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

46.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **DAVID MICHAEL SMITH**, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00;

c.      Punitive damages;

d.      Plaintiff's attorneys' fees and costs; and,

e.      Any other relief deemed appropriate by this Honorable Court.


Respectfully submitted,
**DAVID MICHAEL SMITH**

By:      _____

Attorney for Plaintiff

Dated: May 22, 2014

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
10320 Sandalfoot Boulevard, Unit 10
Boca Raton, FL  33428
Direct Dial:    (954) 798-2516
Facsimile:      (888) 418-1277
E-Mail:         thomasjgibbons@gmail.com