**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| DAVID MICHAEL SMITH, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| KROLL FACTUAL DATA, INC., | ) ) | 8:14-cv-1360 |
| Defendant. | ) ) ) | |

**NOTICE OF DISCHARGE, RELEASE, AND PERMANENT INJUNCTION**
**RELATING TO CLAIMS ASSERTED AGAINST KROLL FACTUAL DATA, INC.**

**PLEASE TAKE NOTICE** that, on February 8, 2015 (the "**Petition Date**"), Kroll Factual Data, Inc. (now known as Kroll Factual Data, LLC") ("**Kroll**") and certain of its domestic affiliates (collectively, the "**Debtors**" and, after the effective date of the chapter 11 plan of reorganization confirmed by the Bankruptcy Court (as defined below), the "**Reorganized Debtors**")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), in the

---

1      The debtor affiliates were: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258).

United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing cases which are jointly administered under Case Number 15-10226 (LSS).2

**PLEASE TAKE FURTHER NOTICE** that, on August 14, 2015, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Under Section 1129 of the Bankruptcy Code and Bankruptcy Rule 3020 Confirming Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 835] (the "**Confirmation Order**"), which, among other things, (a) confirmed the *Joint Chapter 11 Plan of Altegrity, Inc., et al.* (the "**Plan**")3 [Docket No. 532] and (b) authorized the Debtors to implement the Plan in accordance with its terms.4  On August 31, 2015, the Effective Date under the Plan occurred, and the Debtors emerged from chapter 11 as the Reorganized Debtors.

**PLEASE TAKE FURTHER NOTICE** that, as set forth more specifically in the Plan and Confirmation Order, the Plan and its provisions are effective immediately upon entry of the Confirmation Order and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, any holder of a Claim5 or Interest and such holder's respective

---

2  Pursuant to section 301(b) of the Bankruptcy Code, the commencement of a voluntary case by each of the Debtors constituted an order for relief in the respective chapter 11 cases.  In addition, the commencement of the chapter 11 cases resulted in the automatic stay of the above-captioned action against Kroll pursuant to section 362(a) of the Bankruptcy Code.

3  Capitalized terms used herein but not defined have the meaning ascribed to them in the Plan.

4  Copies of the Confirmation Order and the Plan, and any other pleadings in the Debtors' chapter 11 cases, are available (i) at https://cases.primeclerk.com/Altegrity or (ii) by contacting Prime Clerk, LLC at 830 Third Avenue, 3rd Floor, New York, NY 10022; Telephone: (855) 842-4125; Email: altegrityinfo@primeclerk.com.  Copies of the Confirmation Order and the Plan may also be reviewed during regular business hours at the Bankruptcy Court, 824 North Market Street, Wilmington, Delaware 19801, or may be obtained at the Bankruptcy Court's website at www.deb.uscourts.gov by following the directions for accessing the ECF system on such site.

5  Section 1.1.27 of the Plan defines "Claim" as "any claim against a Debtor or, to the extent specifically referenced in the Plan, a Non-Debtor Affiliate, as defined in section 101(5) of the Bankruptcy Code."

successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder or Entity voted to accept the Plan, and all Entities that are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described in the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 9.5 of the Plan and paragraph 85 of the Confirmation Order, the Bankruptcy Court's entry of the Confirmation Order constitutes a judicial determination that the Debtors have been discharged under section 1141(d)[6] of the Bankruptcy Code from all Claims, Interests and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities and Causes of Action[7] that arose before the Effective Date, any contingent or

---

[6]   Section 1141(d)(1)(A) of the Bankruptcy Code, provides, in relevant part, that the confirmation of a chapter 11 plan:
(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502 (g), 502 (h), or 502 (i) of this title, whether or not
   (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
   (ii) such claim is allowed under section 502 of this title; or
   (iii) the holder of such claim has accepted the plan[.]
11 U.S.C. § 1141(d)(1)(A).

[7]   Section 1.1.30 of the Plan defines "Causes of Action" as
   [A]ny action, claim, cause of action, controversy, demand, right, action, Lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law. Causes of Action also include, without limitation: (a) any right of setoff, counterclaim or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity; (b) the right to object to Claims or Interests; (c) any claim pursuant to section 362 or Chapter 5 of the Bankruptcy

non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim or Interest based upon such Claim, debt, right or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such Claim, debt, right or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 524(a)(2)[8] of the Bankruptcy Code, Section 9.6 of the Plan and paragraph 86 of the Confirmation Order, the discharge described above operates as a permanent injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset a debt that is discharged under the Plan.

**PLEASE TAKE FURTHER NOTICE** that "if a creditor chooses not to submit a proof of claim, once the debts are discharged, the creditor will be unable to collect on his unsecured [claims] . . . The discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future attempts to collect on the debt and by operating as an injunction to prohibit creditors from attempting to collect or cover the debt." *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004).

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the *Affidavit of Service* filed by the Claims and Noticing agent in the Debtors' chapter 11 cases with the

---

Code (including any Avoidance Actions and Specified Avoidance Actions); (d) the Specified Litigation Claims; (e) any claim or defense including fraud, mistake, duress and usury and any other defenses set forth in section 558 of the Bankruptcy Code; (f) any state law fraudulent transfer claim; and (g) any claim listed in the Plan Supplement.

8   Section 524(a)(2) of the Bankruptcy Code provides, in relevant part: "A discharge in a case under this title -- operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . ." 11 U.S.C. § 524(a)(2).

Bankruptcy Court [Docket No. 359] (the "**Affidavit of Service**"),9 the plaintiff was served with the *Notice of Bar Dates for Filing Proofs of Claim* (the "**Bar Date Notice**")10 on or around March 31, 2015.

**PLEASE TAKE FURTHER NOTICE** that the Bar Date Notice required any person or entity asserting a claim that arose against the Debtors before the Petition Date to file a proof of claim with the Bankruptcy Court on or before April 30, 2015, and further provided, in bold and capitalized text, that any person or entity failing to file a proof of claim by this time frame will not be treated as a creditor with respect to its claim for purposes of voting on any chapter 11 plan or receiving distribution from the Debtors on account of its claim.

**PLEASE TAKE FURTHER NOTICE** that any Claim(s) that the plaintiff in the above-captioned action may have against the Debtors arose under bankruptcy law before the Effective Date and have, therefore, been discharged under the Plan. The permanent discharge injunction in the Confirmation Order prohibits the plaintiff from continuing this action against the Reorganized Debtors to collect or recover on account of the discharged Claim(s). The plaintiff was served with the Bar Date Notice, as detailed in the Affidavit of Service [Docket No. 359], and failed to file a proof of claim in the Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has retained jurisdiction to determine any disputes concerning the discharge and release of Claims under the Plan, and the Reorganized Debtors reserve all of their rights to bring to the Bankruptcy

---

9   A complete copy of the Affidavit of Service may be obtained in the same manner as other pleadings in the Debtors' chapter 11 cases as described in note 4 above.
10   The Bar Date Notice was attached as Exhibit 2 to the *Order (A) Establishing Bar Dates for Filing Proofs of Claim and (B) Approving the Form and Manner of Notice Thereof* [Docket. No. 238] (the "**Bar Date Order**"), which was entered by the Bankruptcy Court on March 20, 2015.

Court for resolution of any dispute by the plaintiff in the above-captioned action as to whether the plaintiff's Claim(s) against the Debtors have been discharged.

Dated: September 25, 2015         Respectfully submitted,

*s/ Jessica T. Travers*
Jessica T. Travers
Florida Bar No. 0018129
jtravers@littler.com

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
305.400.7500
305.675.8497 (Fax)

William Simmons
Pennsylvania Bar No.  206860
wsimmons@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102-1321,
267.402.3047
267.430.7908 (Fax)

ATTORNEYS FOR DEFENDANT
Kroll Factual Data, Inc.

## CERTIFICATE OF SERVICE

I, Jessica T. Travers, hereby certify that a copy of the foregoing Notice of Discharge, Release, and Permanent Injunction Relating to Claims Asserted Against Kroll Factual Data, Inc. was filed with the Court via the Court's CM/ECF system on September 25, 2015, which generated electronic notice to the following counsel for Plaintiff on the same date:

David M. Marco
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Direct Dial: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

Thomas Gibbons
Thomas Gibbons Attorney-at-Law
10320 Sandalfoot Blvd., Unit 10
Boca Raton, FL 33428
Direct Dial: 954 798 2516
Facsimile: (888) 418-1277
E-Mail: thomasjgibbons@gmail.com

*s/ Jessica T. Travers*
Jessica T. Travers

Firmwide:136081568.1 084145.1001